# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1895.

## John H. DeWolf et al. v. Cora Boswell et al.

1. LOST RECORDS—*Restored Pending an Appeal.*—Where the records of the Circuit Court have been lost by fire, it is proper to restore them by proceedings in such court pending an appeal, and to file such restoration as an amended record in the Appellate Court.

Trespass on the Case, under the dram shop act. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

WALKER & LANDAUR, GRANT & CHIPPERFIELD, DANIEL ABBOTT and JOHN A. GRAY, attorneys for appellants.

K. THOMAS and H. W. MASTERS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
This is an appeal from a judgment for $2,500 upon a cause of action arising under the dram shop law, as alleged.
The only objection urged by the appellants in their brief was that the record failed to show any judgment whatever as to two persons who were joined with them as defendants. At the May term, 1895, the appellees represented to this court that there had been an order of discontinuance as to

(664)

the persons named, duly entered before the final trial, and that the record containing said order had been destroyed by fire, and the cause was continued in this court to permit them to apply to the Circuit Court for a restoration of the record. A certified copy of the proceedings of the Circuit Court has now been presented (with a motion for leave to file) showing a restoration of the record and a copy of the order so restored, from which it appears that the cause was dismissed as to said persons before the last trial. The appellants objected to the filing this additional record upon the ground that they had appealed from the order allowing said amendment, which appeal was perfected and the questions arising thereon were ready to be presented to this court at the present term. We therefore reserved that motion to the hearing, and in effect consolidated the two cases—treating the appeal in that case as a part of this.

Having considered the points presented by that appeal, we find no error in the proceedings, and must therefore permit the additional record to be filed. The record being thus amended, the objection urged by appellants to this judgment is obviated, and no other objections appearing the judgment must be affirmed.